# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | |
|---|---|
| **JERRY LYLES, #105265** | **PETITIONER** |
| **VERSUS** | **CIVIL ACTION NO. 2:09-cv-106-KS-MTP** |
| **DALE CASKEY, Warden** | **RESPONDENT** |

## MEMORANDUM OPINION

Petitioner, an inmate of the Mississippi Department of Corrections, filed on June 3, 2009, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and requested *in forma pauperis* status. On June 29, 2009, this Court entered an Order [5] that directed Petitioner to file an amended petition, within twenty days. The Order [5] warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition. Petitioner failed to comply with this Order.

On August 10, 2009, an Order [6] was entered directing Petitioner to show cause, on or before August 25, 2009, why this case should not be dismissed for his failure to comply with the Court's June 29, 2009 order. In addition, Petitioner was directed to comply with the Order [5] of June 29, 2009, by filing his amended petition on or before August 25, 2009. The Order to Show Cause [6] warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition without further notice. Petitioner failed to comply with this Order.

Since Petitioner is an inmate proceeding *pro se*, he was provided one additional opportunity to comply with the Court's orders prior to summary dismissal. On October 9, 2009, a Final Order to Show Cause [7] was entered directing Petitioner to show cause, on or before October 29, 2009, why this case should not be dismissed for his failure to comply with the Court's Orders [5, 6] of June 29, 2009, and August 10, 2009. In addition, Petitioner was directed to comply with the Order [5] of June 29, 2009, by filing his amended petition on or before October 29, 2009. The Final Order to Show Cause [7] warned Petitioner that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition without further notice. Petitioner failed to comply with this Order.

Petitioner has failed to comply with three Court orders and he has not contacted this Court since June 26, 2009. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Respondent has not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 16th day of November, 2009.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE